IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, ) <br> SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT OF LABOR, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CHINA PALACE, INC.**, **MIAO HUI ZHANG**, ) <br> an individual, and **JIAN ZHANG**, an individual ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. 8:18-cv-594 |

COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United Stated Department of Labor ("Secretary"), alleges:

1. Plaintiff brings this action to enjoin China Palace, Inc., Miao Hui Zhang, and Jian Zhang (collectively "Defendants") from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

2. Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

3. Defendant China Palace, Inc. is a Nebraska corporation with its principal place of business located at 661 N. 46th Street, Omaha, Nebraska 68132, within the jurisdiction of this Court; and, operates a restaurant business known as the China Palace restaurant, located at 661 N. 46th Street, Omaha, Nebraska 68132.

4. Defendant Miao Hui Zhang, an individual, is the president, secretary, treasurer, and director of China Palace, Inc.; and, acts directly and indirectly in the interest of Defendant China Palace, Inc. in relation to China Palace restaurant employees by hiring, firing, supervising, controlling the work of, and paying the employees.

5. Defendant Jian Zhang, an individual, is a manager of employees employed by Defendant China Palace, Inc.; and, acts directly and indirectly in the interest of China Palace, Inc. in relation to China Palace restaurant employees by hiring, firing, supervising, controlling the work of, and paying the employees.

6. The restaurant activities of Defendant China Palace, Inc. were, and are, related and performed through the unified operation or common control of Defendants Miao Hui Zhang and Jian Zhang for a common business purpose, and have, since March 30, 2015, constituted an enterprise within the meaning of section 3(r) of the Act.

7. Since March 30, 2015, said enterprise has employed employees engaged in commerce or in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including employees who process credit card transactions on a regular and recurrent basis, and employees who handle, sell, or otherwise work on food and drink supplies and equipment produced outside of or shipped by persons outside of Nebraska; further, said enterprise has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

8. Defendants China Palace, Inc., Miao Hui Zhang, and Jian Zhang have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or

in the production of goods for commerce, wages at rates not less than $7.25 after July 23, 2009.

9. Defendants China Palace, Inc., Miao Hui Zhang, and Jian Zhang have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since March 30, 2015, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

10. Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since March 30, 2015, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time and overtime earnings for each workweek, and total additions to or deductions from wages paid each pay period, with respect to certain of Defendants' employees.

11. Defendants China Palace, Inc., Miao Hui Zhang, and Jian Zhang have repeatedly and willfully violated the aforesaid provisions of the Act.  A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wages an overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act.

12. As a result of the violations alleged, amounts are owing for unpaid minimum wages and overtime compensation to certain present and former employees, including those persons specifically named in Appendix A attached to this Complaint, for the period for the period from March 30, 2015, to March 31, 2017.

WHEREFORE, cause having been shown:

A. Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act.

B. Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum wages and overtime compensation due to Defendants' present and former employees, and for an equal additional amount as liquidated damages.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

/s/ Megan J. McGinnis
Megan J. McGinnis
Attorney
KS Bar # 24618

2300 Main, Suite 1020
Two Pershing Square Building
Kansas City, MO  64108
(816) 285-7276
(816) 285-7278 (fax)

Attorneys for Plaintiff
U.S. Department of Labor