IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  8:18-cv-594 |
| | ) | |
| **CHINA PALACE, INC., MIAO HUI ZHANG**, | ) | |
| individually, and **JIAN ZHANG**, individually, | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") having filed his complaint, and China Palace, Inc., Miao Hui Zhang, and Jian Zhang (collectively "Defendants"), having admitted the allegations of the complaint and agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for the Secretary, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*, hereinafter the "FLSA"), including in any of the following manners:

1.     Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to their employees engaged in commerce or in the production of goods for commerce, or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than those which are now, or which in the future may become, applicable under 29 U.S.C. §

206, unless an exception under the United States Code should apply to that particular employee or employment situation.

     2.     Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in commerce or in the production of goods for commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

     3.     Defendants shall not, contrary to sections 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 211(c) of the FLSA and 29 C.F.R. § 516. Defendants shall make such records available at all reasonable times to representatives of the Secretary.

     It is further ORDERED, ADJUDGED and DECREED:

     4.     The Secretary shall recover from Defendants the sum of $72,600 in unpaid minimum wages and overtime compensation for employees identified in Exhibit A, attached hereto, plus an additional equal amount of $72,600 as statutorily authorized liquidated damages, plus interest in the amount of $787.69, for a total amount due of $145,987.69.

     5.     Defendants shall pay the total amount due in 12 monthly installments, with interest, as set forth below:

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 12/30/2018 | $12,044.64 | $121.00 | $12,165.64 |

| 2 | 01/30/2019 | $12,054.68 | $110.96 | $12,165.64 |
|---|---|---|---|---|
| 3 | 02/28/2019 | $12,064.72 | $100.92 | $12,165.64 |
| 4 | 03/30/2019 | $12,074.78 | $90.86 | $12,165.64 |
| 5 | 04/30/2019 | $12,084.84 | $80.80 | $12,164.64 |
| 6 | 05/30/2019 | $12,094.91 | $70.73 | $12,165.64 |
| 7 | 06/30/2019 | $12,104.99 | $60.65 | $12,165.64 |
| 8 | 07/30/2019 | $12,115.08 | $50.56 | $12,165.64 |
| 9 | 08/30/2019 | $12,125.17 | $40.47 | $12,165.64 |
| 10 | 09/30/2019 | $12,135.28 | $30.36 | $12,165.64 |
| 11 | 10/30/2019 | $12,145.39 | $20.25 | $12,165.64 |
| 12 | 11/30/2019 | $12,155.52 | $10.13 | $12,165.65 |
| Totals: | | $145,200.00 | $787.69 | $145,987.69 |

6.     The provisions of the Judgment relative to the monthly installment payments due shall be deemed satisfied when Defendants deliver to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, a certified or cashier's check for each installment payment due under this terms of this Judgment, made payable to "Wage and Hour – Labor." Defendants shall furnish with the check their federal tax identification number and the social security number and last known address for each employee named in Exhibit A, attached hereto. Representatives of the Secretary shall distribute Defendants' payments, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the Fair Labor Standards Act. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages

distributed by the Secretary. Upon receipt of full payment from Defendants, the Secretary's counsel shall file with the Court a certificate of payment. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

7.      On or before December 30, 2018, Defendants shall pay an FLSA Civil Money Penalty in the amount of $8,800 to the Secretary.  To make payment, Defendants shall deliver a certified check or a cashier's check made payable "Wage and Hour Division – Labor" in the amount of $8,800, to the attention of Marcy J. Boldman, at the Omaha Area Office, U.S. Department of Labor – Wage and Hour Division, 222 S. 15th Street, Suite 504A, Omaha, NE 68102.

8.      Failure by Defendants to make complete payment as required by the terms of this judgment shall cause any remaining balance to become immediately due and payable by Defendants.  Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

It is further ORDERED, ADJUDGED and DECREED that Defendants and their officers, agents, servants, and employees, and those persons in active concert or participation with them, shall implement the following enhanced compliance measures:

9.      Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee employed by any individual or entity named as a defendant in the above-captioned action, to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously

due or to become due in the future to said employee under the provisions of this Consent

Judgment or the FLSA; nor shall Defendants accept, or retrieve from any employee, either

directly or indirectly, any money, whether in the form of cash, check , or any other form,

heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA;

nor shall Defendants discharge or in any other manner discriminate against, nor solicit or

encourage anyone else to discriminate against, any such employee because such employee has

received or retained money due to him from Defendants under the provisions of this Judgment or

the FLSA; nor shall Defendants raise an employee's immigration status as a defense to the

payment of back wages in any suit alleging such retaliation.

10.     Defendants shall not allow any employee to work without proper compensation,

including time spent in pre-shift or post-shift work, or time spend working during meal periods.

11.     Defendants shall ensure that an accurate record of employees' hours worked is

kept, including all pre-shift and post-shift work whether or not it was authorized and in all

instances where a meal period was interrupted or not taken regardless of whether or not it was

authorized.

12.     For a period of two (2) years from the date this judgment is entered by the Court,

Defendants shall provide each employee on each pay date with a pay stub that reflects the

specific dates of the pay period, the total hours paid, the rate of pay and the gross amount paid.

13.     If Defendants pay employees in cash, then Defendants must maintain

documentation to prove the manner in which the employee(s) received the payment; the date on

which the employee(s) received the payment; a description of the method by which the gross pay

was computed; and a description of all additions or deductions made to the gross pay, including

amounts.

5

14.     Within ten (10) business days of entry of this Judgment, Defendants shall post U.S. Department of Labor FLSA Minimum Wage poster (WH 1088) in a conspicuous and prominent location at all restaurant establishments. If the primary language of any employee is a language other than English, Defendants shall ensure that the Notice is properly translated into that employee's language within seven (10) business days. This poster is available for download and printing at https://www.dol.gov/WHD/resources/posters.htm.

15.     This Judgment encompasses claims for unpaid wages due persons listed in Exhibit A, attached hereto, during the time period of March 30, 2015 through March 31, 2017, at China Palace located at 661 N. 46th Street, Omaha, Nebraska 68132.

16.     By consenting to this Judgment, Plaintiff does not waive his right to conduct future investigations under the Act of Defendants, or investigations of any locations owned or operated in whole or in part by Defendants. Further, except for the claims that are subject of the above-captioned action, Plaintiff does not waive his right to take appropriate enforcement action with respect to any other past, present or future violations, including, but not limited to, an action under sections 17 and 16(c) for injunctive relief and collection of back wages and liquidated damages, as well as assessment of civil money penalties under section 16(e) of the Act.

17.     Nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods or locations other than those identified in this Judgment, and, notwithstanding anything to the contrary, above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes the Secretary from enforcing violations of the FLSA against Defendants that occurred at times or

locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

18.     Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

So ordered this ___ day of _____, 2018.

_____

U. S. District Judge

Entry of this judgment is hereby consented to by:

For Defendants:

_____
Miao Hui Zhang, Owner
CHINA PALACE, INC.

_____
MIAO HUI ZHANG, Individually

_____
JIAN ZHANG, Individually

_____
Thomas C. Green, II
Gnuse & Green Law Offices, PC
11311 Chicago Circle
Omaha, NE 68154
(402) 333-4949

Attorney for Defendants

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

_____
Megan A McGinnis
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7278 (fax)

Attorneys for Secretary,
U.S. Department of Labor

7

## EXHIBIT A TO CONSENT JUDGMENT

| Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Avalos, Lesbia | $10,932.49 | $10,932.49 | $21,864.98 |
| Batres, Juan Humberto | $14,483.13 | $14,483.13 | $28,966.26 |
| De Leon Ixcallao, Oscar | $10,735.04 | $10,735.04 | $21,470.08 |
| Lopez, Victor | $339.66 | $339.66 | $679.32 |
| Mendoza, Dario | $3,953.58 | $3,953.58 | $7,907.16 |
| Moreno, Fernando | $14,220.68 | $14,220.68 | $28,441.36 |
| PuJuch, Armando | $11,172.72 | $11,172.72 | $22,345.44 |
| Zarza, Israel | $6,762.70 | $6,762.70 | $13,525.40 |
| **TOTALS:** | $72,600.00 | $72,600.00 | $145,200.00 |